IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| vs. | ) Case No. 92-CR-30020-MJR |
| | ) |
| ERVIN J. ROBINSON, | ) |
| | ) |
| Defendant/Petitioner. | ) |

### MEMORANDUM AND ORDER

REAGAN, District Judge:

Following a proceeding under 28 U.S.C. § 2255 and on remand from the United States Court of Appeals for the Seventh Circuit, the undersigned Judge resentenced Defendant Ervin Robinson on October 29, 2001. An amended judgment was entered in accord with the revised sentence, which Robinson appealed. In June 2003, the Seventh Circuit affirmed this Court's revised sentence. The mandate was received the following month, *see* Doc. 201, and the case was closed.

On February 24, 2006, Ervin Robinson filed an organized and thorough pro se motion seeking to "modify" his sentence, pursuant to 18 U.S.C. § 3582(c)(2). Doc. 203. Robinson asks the Court to modify his sentence based on Amendment 591 to the U.S. Sentencing Guidelines. Robinson maintains that this amendment revised Guideline 1B1.10 and affects the offense guideline for his case, which should result in this Court

1

resentencing him and imposing a 20-year sentence.

As the USA correctly points out in its response, however, this Court lacks the authority to modify Robinson's sentence. The Seventh Circuit has emphasized that District Judge have only limited authority to alter sentences after imposition. *See, e.g., U.S. v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006).

18 U.S.C. § 3582(c) sets forth the exceptions to the general prohibition on modifying sentences. For instance, a District Court may reduce a term of imprisonment pursuant to a timely-filed motion under Federal Rule of Criminal Procedure 35. Additionally, the Court may modify a term of imprisonment where extraordinary reasons warrant a reduction for a defendant who is at least 70 years old, has served at least 30 years in prison, and whom the Bureau of Prisons has determined is not a danger to any other person or the community.

In the case at bar, Robinson relies on § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Stated more simply, § 3582(c) permits reduction of a sentence when a later amendment to the Sentencing Guidelines lowers the defendant's sentencing range, "as

long as the reduction is consistent with the policies of the Sentencing Commission." *See United States v. Tidwell*, **178 F.3d 946, 949 (7th Cir.1999).**

Furthermore, a reduction in a defendant's term of imprisonment is authorized under § 3582(c), only if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." **U.S.S.G. § 1B1.10(a).**

In the case at bar, Robinson relies on Amendment 561 to the Guidelines. The USA correctly points out that Amendment 591 was not adopted *subsequently* to Robinson's October 2001 sentencing. Rather, Amendment 591 was effective as of November 1, 2000. *See U.S. Sentencing Guidelines, Appendix C, Supplement*. Moreover, Amendment 591 did not lower the sentencing range for any of Robinson's counts of conviction, including Count 3 (the continuing criminal enterprise).

Because Amendment 591 is not a *subsequent* amendment to the Guidelines and did not *lower* the applicable sentencing range, the Court lacks the authority to modify Robinson's sentence as requested.

Accordingly, the Court **DENIES for lack of jurisdiction** Robinson's motion to modify (Doc. 203) and does not construe it as a fresh motion under 28 U.S.C. § 2255. *See Smith,* **483 F.3d at 799 ("Because § 3582 limits the substantive authority of the**

district court, it is a real 'jurisdictional' rule...."); *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000)(Seventh Circuit recognizes "that converting a case from one kind of action to another can have consequences that the prisoner may not have anticipated.").

    IT IS SO ORDERED.

    DATED this 22nd day of March, 2006.

                                     s/Michael J. Reagan
                                     MICHAEL J. REAGAN
                                   United States District Court