IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,  )
                           )
         Plaintiff,        )
                           )
vs.                        )   Case No. 92-CR-30020-MJR
                           )
ERVIN J. ROBINSON,         )
                           )
         Defendant.        )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Ervin Robinson was one of five Defendants charged in a 1992 indictment with narcotics and money laundering offenses. The lengthy procedural history of this case involves direct appeals, collateral attacks via 28 U.S.C. § 2255, and a motion to modify sentence under 18 U.S.C. § 3582(c)(2). The matter was assigned to (and reassigned by) Judge Beatty, Judge Stiehl, and Judge Herndon, culminating in a re-sentencing by the undersigned Judge in October 2001. The United States Court of Appeals for the Seventh Circuit affirmed that sentence in June 2003. *United States v. Robinson*, 68 Fed. Appx. 724, 2003 WL 21461646 (7th Cir. 2003), unpublished.

Most recently, in March 2006, the undersigned Judge denied for lack of jurisdiction Robinson's motion to modify his sentence under 18 U.S.C. § 3582, based on an amendment to the U.S. Sentencing Guidelines, noting (Doc. 206, p. 2):

> The Seventh Circuit has emphasized that District Judges have only limited authority to alter sentences after imposition. *See, e.g., U.S. v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006).

The case comes once again before this Court via Robinson's June 12, 2008 "Motion to Correct Clerical Error in the Record and Judgment" (Doc. 215). Relying on Federal Rule of Criminal Procedure 36, Robinson asserts that this Court's inclusion of "two recidivism enhancements in the judgment" erroneously suggests that Robinson has more prior convictions than he, in fact, has.

More specifically, Robinson takes issue with this Court's use of a 1986 prior conviction *both* as a predicate for a continuing criminal enterprise ("CCE") charge and as the basis for adding three criminal history points (i.e., for Robinson being a repeat offender). Robinson maintains that this constituted improper sentencing procedure, that it leaves the record inaccurate, and that it "is potentially harmful because it may cause confusion as to the number of defendant's convictions" (Doc. 215, p. 5).

This Court is not persuaded. Put simply, Robinson is trying to shove a square peg through a round hole. He challenges the substance of the sentenced imposed by this Court via a motion purporting to seek correction of a clerical error under Rule 36. The peg does not fit.

Rule 36 permits a district court, after giving "any notice it considers appropriate," to correct a clerical error in a judgment, order or other part of the record. *See United States v. Smith*, 438 F.3d 796, 799-800 (7th Cir. 2006)("Rule 36 permits a district judge to correct clerical errors in judgments. Fixing a judgment so that it accurately reflects the original sentence does not 'modify' the sentence and hence falls outside § 3582(c).").

But Rule 36 is limited to correction of *clerical* errors in a judgment or order. Rule 36 cannot be invoked to alter a judgment that accurately reflects the judge's decision. *United States v. Eskridge*, 445 F.3d 930, 934-35 (7th Cir. 2006)("A district judge may ... correct a final judgment in a criminal case to reflect the sentence he actually imposed, but he cannot change the sentence he did impose even if the sentence was erroneous."). *Id.*, *citing United States v. Daddino*, 5 F.3d 262, 264-65 (7th Cir. 1993)(per curiam).

Clearly, Robinson seeks something other than correction of a true clerical error, so relief under Rule 36 is not warranted. The Seventh Circuit has decided the merits (the propriety of the sentence, *specifically including* consideration of Robinson's 1986 conviction) against Robinson. Moreover, the seven-day deadline for a motion under Federal Rule of Criminal Procedure 35(a) – to correct a "clear error" by the judge in imposing sentence – elapsed years ago. As the Seventh Circuit emphasized just last month, "Rule 36 cannot be used to enlarge the time provided by Rule 35(a)...." *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. June 12, 2008). For all these reasons, the Court DENIES Robinson's motion to correct clerical error (Doc. 215).

**IT IS SO ORDERED.**

DATED this 21st day of July 2008.

                                                s/ Michael J. Reagan
                                                MICHAEL J. REAGAN
                                                United States District Court